### In re Petition for DISCIPLINARY ACTION AGAINST Jesse GANT, III, a Minnesota Attorney.

#### No. A09–1998.

Supreme Court of Minnesota.

April 12, 2011.

#### ORDER

By order filed on June 8, 2010, we publicly reprimanded respondent Jesse Gant, III, for bringing a defamation action that had no basis in law or fact, in violation of Minn. R. Prof. Conduct 3.1 and 8.4(d). Our order reflected respondent's agreement to pay $1,000 per month, beginning on July 1, 2010, toward the sanctions and costs assessed against him by the district court and court of appeals in the matter of *McClure v. Le Phan,* No. A08–673, 2009 WL 605740 (Minn.App. Mar. 10, 2009), until the full amount owed has been paid. Our order further provided that, should

respondent not make any payment as agreed and ordered, upon request of the Director and after giving respondent an opportunity to be heard, we could impose additional discipline as we deemed appropriate.

The Director notified the court in November 2010 that respondent had provided documentation of only one of the required payments. The Director requested that respondent be suspended from the practice of law, subject to immediate reinstatement upon payment of the sanctions and costs as required by the court's June 2010 order. Shortly thereafter, the Director requested that the motion for additional discipline be held in abeyance until January 12, 2011, based on additional information provided by respondent. The Director indicated that if respondent had not made payment as ordered by January 2011, the Director would renew his motion.

In January 2011, the Director informed the court that respondent had made no further payments, and the Director renewed his motion for additional discipline. By order filed on February 2, 2011, we ordered respondent to show cause why he should not be suspended from the practice of law or subject to other discipline for failure to comply with the court's June 8, 2010, order. The court received a response from respondent opposing further discipline and requesting a 60–day stay of further discipline, supported by an affidavit and exhibits. Respondent requests that the exhibits be sealed.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Jesse Gant, III, is suspended from the practice of law, effective 14 days after the date of filing of this order, for a minimum of 90 days, subject to the following terms and conditions:

(a) Respondent shall comply with Rule 26, Rules on Lawyers Professional Responsibility (RLPR) (requiring notice of suspension to clients, opposing counsel, and tribunals).

(b) Respondent shall pay $900 in costs, pursuant to Rule 24, RLPR.

(c) Respondent shall be reinstated to the practice of law only by further order of the court. Respondent may seek reinstatement upon the expiration of the suspension period by filing with the Clerk of Appellate Courts and serving upon the Director's Office an affidavit establishing that respondent is current with continuing legal education requirements, has fully complied with Rules 24 and 26, RLPR, and has satisfactorily completed all other conditions for reinstatement. Respondent shall note that it will take a minimum of 15 days for the Director to verify respondent's compliance and for the court to process the order of reinstatement.

(d) The minimum suspension period may be shortened if respondent files with the Clerk of Appellate Courts and served upon the Director's Office an affidavit establishing that respondent is current with continuing legal education requirements, has fully complied with Rules 24 and 26, RLPR, has satisfactorily completed all other conditions for reinstatement, and has fully satisfied his payment obligations under the court's June 8, 2010, order. Respondent shall note that it will take a minimum of minimum of 15 days for the Director to verify respondent's compliance and for the court to process the order of reinstatement.

(e) Within one year from the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof that he has satisfactorily completed the profes-

sional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

IT IS FURTHER ORDERED that respondent's motion to file certain exhibits in support of his response to the order to show cause is granted to the extent that the Clerk's Office is directed to redact bank account numbers and other identifying financial information from said exhibits, and denied in all other respects.

BY THE COURT:

/s/Alan C. Page
Associate Justice